May it please the court, my name is Ted Smith. I'm an assistant United States attorney for the Middle District of Pennsylvania from Harrisburg, representing the United States, who is the appellant this time around. At the outset, with the court's permission, I'd like to reserve two minutes for rebuttal. We think the district court committed three errors here, any one of which would warrant reversal. But if I may, I would like to approach them in the reverse order in which they're approached in the brief of the appellant, because I think the good faith exception is the strongest argument we have. What good faith argument did you make before the district court and what good faith argument are you making before us? I think we're making the same argument here that we made before the district court, and that is that this officer, this chief, had every reason to believe that the warrant that he took to the district attorney when he didn't have to, and then had approved by a magistrate, a local magistrate, was a valid warrant. And to the extent that his description of property may have been overbroad or inartful, that he had every reason to believe that the affidavit that he attached to the warrant would serve, and did in fact serve. So the argument would become twofold in effect, that the affidavit accompanied the warrant and that the actual search, because Haller was there, was confined to the narrow scope of the affidavit, is that correct? Absolutely. But the problem is that particular argument wasn't brought up to the district court, was it? Well, we argued, first of all. I'll come back to your Leon point, your good faith. We certainly argued good faith, okay? And I think we argued that the officer did everything he could within the confines of the Pennsylvania warrant form to incorporate the warrant, or excuse me, incorporate the affidavit. We argued in the district court that the form itself, he filled that out in good faith and within its limitations. It was, you know, we should not look at that hyper-technically. But now it seems it's a little bit different that the good faith is anybody looking at both the affidavit and the warrant would believe that they were entitled to search for the sexual, you know, materials. It's a little different. Well, there may be some slight difference, and I know my opponent has brought that to the court's attention. I don't think there is any difference so great as to warrant a determination that we have not preserved the issue that we're arguing here. And, indeed, if we hadn't preserved it, I still think there would be plain error here, and I think we could benefit from the plain error rule. Wasn't good faith out the window when the judge made a finding that it was a general warrant? We think that finding was erroneous. And I think that Judge Caldwell, frankly, was simply confused about what a general warrant was and seemed to believe that any overly broad warrant was a general warrant. And, you know, he may have had some cause for confusion based on Doe v. Groody, but this Court clarified that in the Lovetto case. And, of course, Judge Caldwell didn't have the benefit of the Lovetto case, which held in our favor both on the second issue we raised, the significance of an attached or an accompanying affidavit that is not expressly incorporated by reference, but also Lovetto case found good faith. But I think maybe that's the key issue, because Doe, as I recall, as on that panel, I mean, the problem was all you do is just check the box and make sure that the affidavit is attached to the warrant. And the argument against it here is that the affidavit was not attached to the warrant. It was attached to the application, even though they're all part and parcel of the same document. I don't know how you can make that distinction. I think it's an artificial distinction. It's a distinction that, frankly, was lost on the judge of the Court of Common Pleas that denied the suppression motion on the same grounds raised here. I think that's a fact that weighs rather strongly in favor of a good faith determination here. I mean, we have an officer who went to a district attorney when he didn't have to. We have a trained common pleas court judge who devoted 36 pages of writing to the suppression motions and four pages of that opinion to this same issue and reached a conclusion different from the learned United States district judge who heard the suppression motion. And I think under those circumstances, and indeed there's a footnote there where I'm not sure my colleague's concession was warranted, but this is the stuff of which good faith is made. When reasonable men and women can disagree about whether there is an adequate description, a sufficiently particularized description in the warrant, or when reasonable men and women can disagree as to whether the warrant incorporated the affidavit or didn't incorporate the affidavit but it was attached and available for reference, then certainly I think the good faith exception applies. Because the exclusionary rule is intended to deter police misconduct. But Judge Vandell's question on good faith is there may be a different type of good faith argument that was not made to the district court so that you could bring up the same type of waiver claim if you're representing Mr. Tracy. That is that at the district court level you said, hey, look, it's all part and parcel of the same document. We were in good faith. Now the argument is, but in fact, the affidavit did accompany the warrant. That's sort of what you said in the district court. And also the search was confined to the narrower scope of the affidavit. Therefore, they acted in good faith in connection with what was the narrower piece that they had before them, i.e., the affidavit, rather than what was on the warrant. And now I'm understanding your question a little bit better, Your Honor, Your Honors. And let me answer it this way. First of all, we did raise the argument that redaction was an appropriate remedy here. And that was the only remedy that this court had specifically found could be used to cure an insufficiently particular overbroad description of property to be searched for and seized. And the district court did decide that redaction was not appropriate because the district court found it was a general warrant. And redaction in this Court's decision in the United States v. Christine is really discussed in the same breath as this Court's discussion of the other circuit cases that have articulated the other exception upon which we rely, the unincorporated but attached affidavit exception. So we think really the distinction between redaction, because redaction simply means the officer, you can redact from the overly broad property description those items as to which there was not recitation of probable cause in the affidavit. And that's really what we're saying here. So the difference between redaction and the unincorporated but attached affidavit exception, I'm sorry, it's the only term of art I can come up with. Well, but the point is it's not, they're not different cubbyholes. They're the same exception. And they say, and here's the crucial distinction between this case and Grutti is, and this is why the exception applies here and why the Court found that it didn't apply in Grutti, and that is it applies if the warrant description is overly broad and the affidavit is being used to narrow it. It cannot apply if the warrant description is overly narrow and what actually occurs is far in excess of the warrant description. So in Doe v. Grutti, while the affidavit asked for permission to search everybody present, the warrant didn't. It just said the place. It said the place. And there was absolutely no way that anybody could find from that warrant that the magistrate who issued it had consented or agreed or authorized the search of all persons present, much less the stripped search of the wife and the 10-year-old child. Perhaps Grutti is a good illustration of the proposition that hard facts make bad law, although Grutti is the law. And I have no trouble, you know, living with Grutti. I think had Loveto come down earlier than it did and clarified that not every overbroad warrant is a general warrant. Well, part of what solidified, I mean, Grutti came out after Groh. I mean, Groh seemed to support the result that we reached in Grutti, albeit there was a dissent of then-Judge Alito. Yes. But even Groh was a far cry from this case. In Groh, the list of items in the application was neither incorporated nor attached. Correct. And the list was sealed, and therefore it could not possibly have served the purpose and the role that the affidavit's very particular description did here. And so ---- I mean, it almost seems like when you take a step back here and you look at the application, which is right on top of the warrant itself, the application, as for any, you know, is pretty broad in terms of just that little box, any items, images, or visual depictions representing the possible exploitation of children, including videotapes or photographs, and then it goes down and says computers. Maybe you should have substituted sexual for possible, so representing the sexual exploitation of children, et cetera. And then the affidavit doesn't say C attached to affidavit. At the same time, physically attached to this is a very detailed seven-page affidavit. And your point, I think, is that, look, common sense is going to tell you that they should be going out and looking for only the things that are noted in the affidavit because they got the guy who put it all together, Holler, leading the team. And, in fact, when you look back with hindsight, what they did was exactly what was talked about in the affidavit, the narrower scope. And if that isn't good faith, then we don't have good faith. Your Honor, I couldn't say it much better. Yeah, I was down the middle. Perhaps I should, you know, relinquish my time. No, if you could just do better than the Phillies did last night and hit it out of the ballpark. Well, the purpose of the good faith exception, as suggested by what Your Honor just said, is to deter police misconduct. What possibly could Chief Grow, or excuse me, Chief Grow, Chief Holler, learn from suppression of the evidence here? Or could any other police officer similarly situated learn from suppression in this case so as to be deterred from engaging in police misconduct? The most he could learn is not to use cop talk in his property description on his warrant. But it's really otherwise an exemplary warrant. And I would add that on the face page of the warrant application, and I think in Pennsylvania the application and the warrant are, in fact, one document. But on that, there was some additional detail. There was a section violated. Yeah, it referred to the statute, which presumably is generally known what that is. Yes, certainly the officers do, and a specific date. And the specific date was the date on which his probable cause affidavit recited this video of the man and the child was downloaded. I have two, one, zero seconds left. If the court doesn't have any questions, I'll be seated. Thank you very much. Good morning. My name is Steve Rice, and I represent the appellee, Ralph Douglas Tracy. Maybe you could start off with the softball I threw to Mr. Smith, which is working backwards, which is where he started. When you look at this from a common sense perspective, how can you say there wasn't good faith of the police officers under the control of Pollard carrying out a search that pretty much literally complied with what was stated in the affidavit, that it was attached to the application, which is part and parcel of what becomes the warrant? I shouldn't say part and parcel, which is attached at least by staples to what is the warrant. We conceded in the court below that it was attached. That wasn't an issue. The problem with the case is the argument before this court isn't the one that was presented before the district court. Some of the things that are being built into the good faith argument were never averted in any kind of pleading, and they weren't averted in any kind of brief. So oftentimes, whenever you're a defendant, this waiver rule is applied to knock out your arguments on appeal. We believe it's perfectly appropriate here. We had a different attorney before the district court, a very good attorney, Gordon Zubrod, who I admire greatly. He presented an argument about good faith where he said, hey, look, this is the fault of the form. It was some kind of a clerical error. Put yourself in the position of the district court. When you're faced with that kind of argument, it doesn't have legs. What was this district court to do? There was no basis for finding the good faith exception applied because there wasn't an argument of potential merit that was put before it. Well, but the argument was don't be hyper-technical about it. I think that the focus was on the word possible should have been sexual and that that made a difference, and yet that was done in good faith, and if it had said sexual, it would have been fine. But yet the hyper-technicality in the law cited, as I have here, the court should consider search warrants and affidavits in a common sense manner, not hyper-technically. Statements should not be read in isolation. I mean, all the case law cited does go towards look at this and see, you know, whether it's a fishing expedition, whether someone in his position would look at it and say, you know, this is okay, this is valid, I have the authority. Isn't that, you know, pretty much what they've, I mean, I have the briefs from it. I think the problem that the district court had, and it said explicitly in its opinion, is that the police officer knew what he was doing here. If you go to the affidavit, he explicitly incorporates the item description of the warrant into the affidavit, and that item description actually says be as specific as possible. This is an experienced police officer, as indicated by the affidavit. But the problem is he didn't say see attached? I believe there should be something more than that, but I did cite case law where it indicates something to that effect can be sufficient. Well, there's referenced here X additional pages attached, X warrant application approved, X probable cause affidavits must be attached, total number of pages, seven, total number of pages. Whereas facts have been sworn and affirmed by written affidavit attached here too, from which I have found probable cause. Attached, attached, attached. But the court in Grudy made clear, and it's a police officer's responsibility to have some familiarity with the law, that where the incorporation occurs matters. The court in Grudy had noted that there was references to the affidavit in more than one place. Part of the problem in Grudy was that the police officers, when they went in, went beyond anything that at least two people on that panel, myself included, thought they should be doing. They should not have stripped. They were looking for the father for drugs, and then they strip searched the wife and the daughter. And these facts, what the court is iterating right now, is not something that was put in front of the district court. I mean, let's pretend for a moment that before the district court, the Commonwealth had averred in some kind of a pleading or in its brief. Hey, look, Chief Holler was with a bunch of people here. He briefed them all on the affidavit so that they knew what was going on and said this is what we're basically looking for. And when they ultimately conducted the search, this is all they got. They didn't say that, and they had the occasion to say that because Grudy laid the groundwork for Levado. And I would submit Grudy is actually a better discussion of this unincorporated but attached affidavit theory than Levado is. Levado makes a very passing reference. I'm not going to say it's not a meaningful reference. It certainly is. And concerning this, I mean, an issue that's been coursing through both the district court's opinion and through the discussion here is about general versus over broad warrant. I'm actually surprised that there is as much of an issue about this as there is. This is clearly a general warrant. When you're dealing with an over broad warrant, you're asking the question, basically, are they looking for too much? It's clear what they're looking for, but they're looking for too much. That's what makes it over broad. Well, they're looking for depictions of sexual exploitation of children, correct? Well, it says possible exploitation of children. And like in Marcus v. Search Warrant. But the affidavit makes it pretty clear. This guy's got a pretty good track record. You say this guy. Mr. Tracy, does he not? I'm not sure I understand what you're saying. Does he have prior convictions for matters? No, he does not. Okay. I'm mixing this up with another case. No, I don't believe that he does. Okay. In Marcus, the high court said obscenity leaves too much to the discretion of the police officer. How can that be materially different from using the word exploitation? And when you're leaving too much to the discretion of a police officer, you're dealing with a general warrant. I don't believe that there's any authority to the contrary. And that's why the court, the district court here, held as it did. And now we have this new argument being presented to this court. There's no question that the good faith argument is probably the issue upon which this court's decision ultimately ends up being hinged. Whenever you look at the government's brief here, though, they actually go so far as to blame the defendant and the court, the district court, for the lack of the development of the theories that they present here. They basically say, well, Mr. Tracy, before the court below, said, though, or the Grudy case, if the court doesn't agree with the defendant's position, then there should ultimately end up being some hearing. And then the government ends up saying, well, because the court agreed with Apelli's position below, there was no occasion to develop the record on this point. The government had the occasion to do it, and it didn't. It's our position that it's waived, and even if it isn't waived, nevertheless, Mr. Tracy should prevail. Well, what description, what had to be in here that wasn't in here? If this had said, items representing children engaged in prohibited sexual acts, as defined by Section 6312 of the Crimes Code, and this is something that's discussed, I believe it's by the Fifth Circuit in Peden. But you may have had children doing nothing. You may have had children standing in a bucket under a shower, and yet it appears to be exploitative of a child somehow. It doesn't have to be sexual acts, does it? Well, they were looking. There was some discussion during the government's argument about this prohibited sexual act. Excuse me. I'm sorry, I actually lost track of what the court's question was. I'm not sure what the Crimes Code, I should look at that section of the Crimes Code, but it seems to me it's probably broader than engaging in. 6312 defines prohibited sexual act. It doesn't make any mention of exploitation. And I believe if the government wanted to get it right here, it would have been helpful if they had actually defined prohibited sexual act, had referred to that section of the Crimes Code, we would have no particularity issue before the court could do it. But what Haller thought they were looking for, just to put it very simple, was depictions of child porn, correct? Which we would take the position would not be good enough under the statute and under the prevailing law. But, yes, that is, in essence, what he was looking for. But what is, ultimately, pornography? 6312 doesn't say what it is. Well, I think the whole idea of obscene materials, this is an area that's very difficult to describe. No question. But they have to be as specific as possible. And that's why the courts in this area of the law have said that if you track the language of the statute, which could very easily have been done here, that's good enough. Another thing that would have been good enough is just to say what he actually was looking for, this MPEG file of an adult and a child engaging in vaginal intercourse. It decided not to do that, or he decided not to do that. Is there a different standard applied to this warrant at the state level as compared to what you're arguing here? There is. This warrant qualifies under the state law and was found to be a valid warrant by a common police court judge, was it not? That is correct. So is it the lack of the word incorporation, or is it possible exploitation? Are those two words what makes this a general warrant? I believe that even without the word possible, it's a general warrant. But the inclusion of the word possible, we believe, makes it a more easy case for Mr. Tracy. But to speak to the first point that Your Honor had made, this case has had a long life. It's been about three and a half years. It started in a state court. We basically raised the same issue. There's no question the PA Constitution is more protective, and ultimately Judge Kuhn ruled against us. I was actually a little bit shocked whenever they asked the feds to take over. My suspicion is, and I don't know this to be true, they wanted Mr. Tracy to get more time if he was convicted. But then we ended up making our argument. Do you think they refer cases for that kind of money? I don't know it to be true, but I think it is entirely possible, knowing the prosecutors in my county. So we ended up making the same argument before Judge Caldwell, and I can tell you the district attorney's office was a little bit surprised. Oops, Judge Caldwell ultimately ended up ruling against the government's position here. So thank you. Thank you. Mr. Smith, you're reserved two minutes. Thank you, Your Honor. This wasn't a general warrant because in addition to the description that was provided in the description of property to be seized portion of the warrant form, the warrant specified that the violation in connection with which it was being sought was a violation of Section 6312C and D of the Pennsylvania Crimes Code. And that section is sexual exploitation of children. D is possession of child pornography. But what if the items to be searched said any items, images, or visual depictions representing children, including videotapes or photographs, you know, and it's very broad and it references the section, but it's saying you're going to seize things that are indeed broader than the section. Does that help or hurt you? Well, I don't think it hurts us at all. I think we can be looking for evidence of child pornography, evidence of the knowing possession of child pornography that is not in itself child pornography. Very often when you look for child pornography, you will also be looking for things that aren't child pornography but that suggest that the possession of the child pornography you do find is knowing. So I don't think we are limited to looking only for child pornography. I think the problem here was he said possible instead of sexual exploitation of children, but I think the citation to the Pennsylvania Child Pornography and Sexual Exploitation of Children statute and the specific date on which that MPEG file was downloaded makes it not a general warrant. And if you ask, well, why, you know, Chief Holler could have done so much more. The fact is he did. He put it in his affidavit that he knew was, and he checked the box saying it's referred to or that it's attached here, too, and he had every reason to believe as this court, and I know my time's up, so I'll put a period on it as quickly as I can, but in Bartholomew v. Pennsylvania, this court held that referenced is the same thing as incorporated by reference. I don't know how he could more clearly have signaled to the court that what I'm searching for, in addition to what I've put here, is the more specific description that I've put in my affidavit. But certainly, certainly there was good faith, and the district court committed error in finding that there wasn't. Thank you. Thank you. The case was well argued. We'll take it under advisement. We're going to take just a five-minute recess before the last case, which is the Chen case. If counsel wants to be prepared, we'll be back in five minutes.